[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action for personal injuries sustained in a bicycle accident action in which plaintiff seeks damages against the bicycle manufacturer claiming the accident was caused by defective handlebars. The defendant manufacturer brought a one count third party complaint against the seller of the bicycle, Bloomfield Bicycle and Repair Shop ("Bloomfield Bike"), reciting Section 52-572m C.G.S., the product liability statute, alleging that Bloomfield Bike failed to adequately test and inspect the bicycle prior to sale to the plaintiff.
Bloomfield Bike, as the third paty [party] defendant moves for summary judgment on the ground that it had no duty to test and inspect the bicycle. In support of its motion, Bloomfield Bike has submitted an unsigned copy of a dealer agreement and an affidavit signed by Michael Wolf, owner and president of Bloomfield Bike, stating that the manufacturer did not expect it to test or inspect the handlebars, that the speciman [specimen] agreement was substantially similar to the dealer agreement actually signed by the parties in 1985, and that neither contained any requirement that Bloomfield Bike test or inspect the handlebars.
An unsigned agreement and an affidavit by one of the parties which could be regarded as self serving are slender reeds on which to anchor a summary judgment. See Rosenblit v. Danaher, 206 Conn. 125, 136 (1988); Housatonic Bank Trust Co. v. Bussell Associates, Superior Court, Judicial District of Ansonia, Milford, Docket No. 03 12 67 S (June 1, 1991, Hodgson, J.).
Moreover, the denial of negligence by Bloomfield Bike does not reach all the possible range of claims of the third party plaintiff under Section 52-572m C.G.S., the product liability statute, under which it is possible to have a recovery without any negligence on the part of Bloomfield Bike.
Since there remain material allegations of fact in dispute, the motion for summary judgment is denied.
Wagner, J. CT Page 6315